Ex Parte : In the Matter of Henry W. Rhodes *v.* The Steamship Galveston, &c. — *In Admiralty.*

In order to sustain a motion to docket and dismiss a case under the forty-third rule of this court, it is necessary to show, by the certificate of the clerk of the court below, that the judgment or decree of that court was rendered thirty days before the commencement of the term of this court.

Hence, where the certificate of the clerk stated that a final judgment was pronounced at April term, 1850, it was not sufficient, because *non constat* that the April term might not have been prolonged until December, 1850.

Mr. Coxe filed the following motion and certificate.

" A certificate being produced from the District Court of Texas, by which it appears that at the April term, 1850, of said court a final decree was rendered by said court in favor of the defendants and respondents, and that an appeal from said decree was prayed and obtained by the libellants to the Supreme Court of the United States, — and it appearing that the record in said case has not been filed, — Mr. Coxe for said respondents and defendants moves the court that the said cause be docketed and dismissed with costs.

" Coxe, *for Defendants and Respondents.*"

" *United States District Court. — District of Texas.*

" Henry W. Rhodes, Libellant, *v.* The Steamship Galveston, her Tackle, Apparel, and Furniture, John R. Crane, Master. Charles Morgan, Israel C. Harris, and Henry R. Morgan, Claimants and Respondents. — *In Admiralty.*

" I, James Love, Clerk of the United States District Court for the District of Texas, do hereby certify, that at the April term, 1850, of said court, a final judgment or decree was rendered by the court here in the above-entitled cause, in favor of the defendants and respondents, and that the libellant prayed and obtained an appeal from the said final decree of the said District Court to the Supreme Court of the United States.

" In testimony whereof, I have hereunto set my hand

[SEAL.]    and affixed the seal of said court, this 27th day of December, A. D. 1850.

" James Love, *Clerk.*"

Rhodes *v.* The Steamship Galveston.

Mr. Chief Justice TANEY delivered the opinion of the court.

A motion has been made to docket and dismiss the case of Henry W. Rhodes, libellant, against the steamship Galveston, and John B. Crane, master, and Charles Morgan and others, respondents and claimants, in which it appears that a decree was rendered in the District Court of the United States for the District of Texas against the libellant, and from which decree he prayed an appeal.

The motion is made in behalf of the respondents and claimants under the forty-third rule of this court; and in support of the motion they produce the certificate under seal of the clerk of the District Court, stating that at the April term, 1850, a final decree was rendered in the above-mentioned case in favor of the respondents and claimants; and that the libellant prayed and obtained an appeal to this court. The certificate does not state on what day the decree was made.

The rule referred to entitles a party, in a case like the present, to have it docketed and dismissed, where the decree was rendered thirty days before the commencement of the term of this court, unless the appellant shall docket the case and file the record within the first six days of the term. The record has not yet been filed and the case docketed by the appellant. But in order to entitle the appellees to docket and dismiss, they must show by the certificate of the clerk that the decree was rendered thirty days before the present term. The certificate produced states only the term of the District Court at which it was rendered, and not the day. And it often happens that the term of a court continues by adjournments from time to time for several months. For aught that appears in this certificate, the April term, 1850, of the District Court may have continued until the meeting of this court; and we are not aware of any case that has been docketed and dismissed under this rule, unless the day of the judgment or decree was stated in the certificate. And as we have no evidence before us to show how long the term of the District Court continued, or on what day this decree was rendered, the motion to docket and dismiss is overruled.

### Order.

On the motion of R. S. Coxe, Esq., to docket and dismiss, under the forty-third rule of this court, the appeal in this case from the District Court of the United States for the District of Texas.

On consideration of this motion, it is now here ordered by the Court, that the said motion be, and the same is hereby, overruled.